UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN VERRETTE                                    CIVIL ACTION

VERSUS                                           NUMBER: 08-3156

SUSAN RATLIFF, ET AL.                            SECTION: R

**ORDER**

Before the Court is plaintiff Juan Verrette's objection to Magistrate Judge Chasez's order denying plaintiff's Motion for Prospective Declarative and Injunctive Relief.  For the following reasons, the Court APPROVES the magistrate judge's order.

**I. BACKGROUND**

Plaintiff Juan Verrette is a pre-trial detainee at the LaFourche Parish Detention Center ("LPDC") in Thibodaux, Louisiana.  Richard Lay, not a party to this action, is an inmate at the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.  On April 14, 2008, Verrette filed a complaint challenging the conditions of his confinement.  He alleges that

officials at LPDC and RCC have been failing to deliver correspondence between him and Lay in violation of the First and Fourteenth Amendments.  Before the defendants were served, Verrette filed a "Motion for Prospective Declarative and Injunctive Relief."  The motion was referred to Magistrate Judge Chasez, who denied it.  Verrette now appeals Judge Chasez's order.

## II. DISCUSSION

The Court interprets plaintiff's motion to be asking for a preliminary injunction, summary judgment in his favor, or both.  Because magistrate judges do not have jurisdiction to make final determinations on motions for injunctive relief and motions for summary judgment, *see* 28 U.S.C. § 636(b)(1)(A), the Court will treat Judge Chasez's order as a report and recommendation and Verrette's motion as an objection thereto.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).  The Court thus reviews the magistrate's report *de novo*.  *See* FED. R. CIV. P. 72(b)(3).

To obtain a preliminary injunction, a party must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the

defendant, and (4) that the injunction will not disserve the public interest." *Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Id.* (quoting *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir.2003)) (internal quotation marks omitted).

Even given the benefit of the "less stringent" standards applied to *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519 (1972), Verrette has not carried his burden on any of the four requirements. Verrette's motion appears to be little more than an argument that he is ultimately entitled to relief. As such, his request for a preliminary injunction must be denied.

In addition, summary judgment is inappropriate at this point because the Court has withheld the issuance of summons pending statutory review for frivolousness. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Because the defendants have not yet been given an opportunity to respond to Verrette's allegations, the Court denies the motion for summary judgment as premature. *See* 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2717 (3d. ed. 1998) (noting that courts are reluctant to grant a motion for summary judgment at a very early stage in the litigation).

**III. CONCLUSION**

The Court having considered the complaint, the record, the applicable law, and the plaintiff's objections, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge.

Accordingly,

Defendant's Motion for Prospective Declarative and Injunctive Relief is DENIED.

New Orleans, Louisiana, this 15th day of September, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE