UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN VERRETTE                                    CIVIL ACTION

VERSUS                                           NUMBER: 08-3156

SUSAN RATLIFF, ET AL.                            SECTION: "R"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Juan Verrette, against defendants, Susan Ratliff, the A.R.P. Screening Officer of the Rayburn Correctional Center ("RCC"), Angie, Louisiana; Jeffery Travis, Warden of RCC; Robert Tanner, Acting Warden of RCC; and, Sergeants D. Lee and Beth Lee of the RCC Mailroom. (Rec. doc. 1). Plaintiff, an inmate of the Lafourche Parish Detention Center ("LPDC") at the time that suit was filed, complained of the lack of paralegal services at RCC and the fact that correspondence that was mailed to and from himself and an inmate housed at RCC, Richard Lay, never reached its intended destination. (Rec. docs. 1, 17, 19). On June 1, 2009,

personnel from LPDC advised the Court that plaintiff had been transferred to the Madison Parish Detention Center ("MPDC") on May 28, 2009. (Rec. doc. 23).

The Court recently issued an order directing the Sheriff to provide the undersigned with a copy of all grievances that had been filed by plaintiff since May 1, 2008. (Rec. doc. 24). A copy of that order that was mailed to plaintiff at his address of record, MPDC, was subsequently returned to the Court with a notation that plaintiff was no longer housed at that facility. (Rec. doc. 26). It has now been over thirty days since that piece of mail was returned to the Court as undeliverable.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, ____, U.S. ____, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March

2

19, 2008); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the eighth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 8). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, this failure is

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  18th  day of  November , 2009.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4